IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BOBUR S. ERMATOV** | : | |
| | : | **CIVIL ACTION** |
| v. | : | **No. 26-297** |
| | : | |
| **MICHAEL T. ROSE,** *et al.* | : | |

# ORDER

This 22nd day of January, 2026, upon consideration of Petitioner Bobur S. Ermatov's Emergency Petition for Writ of Habeas Corpus (ECF 1) and the government's response (ECF 4), it is hereby **ORDERED** that the motion is **GRANTED.**[1]

**IT IS FURTHER ORDERED** that:

1. The Court finds that Mr. Ermatov is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. The government shall release Mr. Ermatov from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **12:00 p.m.** on **January 23, 2026**.

3. The government is temporarily enjoined from re-detaining Mr. Ermatov for seven days following his release from custody.

---

[1] The issues presented by this petition have been capably and thoroughly analyzed by numerous members of this Court, and no purpose is served by the delay in preparing an opinion addressing the same issues. I therefore adopt and rely upon the reasoning of those decisions, including, without limitation, *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *4-7 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Diallo v. O'Neill, et al.*, No. 25-cv-6358 (E.D. Pa. Nov. 26, 2025) (Savage, J.). As the Government candidly acknowledges, these decisions reflect the broad consensus of district courts nationwide.

2

4. If the government pursues re-detention of Mr. Ermatov, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of Mr. Ermatov's removal proceedings.

5. If the government pursues re-detention of Mr. Ermatov, it shall not remove, transfer, or otherwise facilitate the removal of Mr. Ermatov from the Eastern District of Pennsylvania prior to the bond hearing that would then be required by this order.  If the immigration judge determines Mr. Ermatov is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Mr. Ermatov if unforeseen or emergency circumstances arise that require his removal from this District.  That request must set forth the grounds for the request and a proposed destination.

      /s/ Gerald Austin McHugh
United States District Judge